**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
STEVEN MATHIS, JR.,                :
                                   :  Civil Action No. 08-6129 (NLH)
             Plaintiff,            :
                                   :
        v.                         :      O P I N I O N
                                   :
CAMDEN COUNTY, et al.,             :
                                   :
             Defendants.           :
_____:
```

**APPEARANCES:**

STEVEN MATHIS, JR., Pro Se
CCCF
P.O. Box 90431
Camden, NJ 08102

**HILLMAN**, District Judge

This matter comes before the Court on Plaintiff's application for the appointment of pro bono counsel in the above-referenced civil rights case. For the following reasons, the Court will deny the motion, without prejudice.

## BACKGROUND

Plaintiff submitted a civil rights complaint asserting violations of his constitutional rights due to improper medical care. Plaintiff asks for counsel because he is indigent, the issues in the case are complex, and he has no litigation experience. The defendants have not yet been served with the instant complaint.

**DISCUSSION**

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's complaint was recently submitted, his case is in the process of being filed, and the named defendants have not yet been served.  Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Plaintiff has presented to this Court without the assistance of counsel a coherent complaint asserting various points of law, and the instant motion for appointment of counsel.

The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for appointment of pro bono counsel will be denied, without prejudice to Plaintiff renewing the motion, if necessary, as the litigation proceeds. An appropriate Order accompanies this Opinion.

                                              s/Noel L. Hillman
                                             NOEL L. HILLMAN
                                             United States District Judge

Dated: January 5, 2009

At Camden, New Jersey