UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MATHIS, JR., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CAMDEN COUNTY; JANE DOE; ERIC : <br> TAYLOR, Warden -- Camden : <br> County Corr. Fac.; DR. AMED; : <br> DR. POMERENTZE; OUR LADY OF : <br> LOURDES HOSPITAL; HOLY SPIRIT : <br> HOSPITAL; NURSE WILCOX; DR. : <br> KULLIAT; DR. AMIT P. NAYAR, : <br> : <br> Defendants. : <br> : | Civil Action <br> No. 08-cv-6129 (NLH)(KMW) <br><br> **OPINION** |

**APPEARANCES**:

Steven Mathis, Jr.
711 Lexington Drive
Bear, DE 19701
*Pro Se*

Howard Lane Goldberg, Esquire
Office of Camden County Counsel
520 Market Street
Courthouse -- 14th Floor
Camden, N.J. 08102-1375
*Attorney for Defendants Camden County and Eric Taylor*

George H. Cortelyou, Esquire
Buckley & Theroux, L.L.C.
932 State Road
Princeton, N.J. 08901
*Attorney for Defendant Dr. Rashid Ahmad*

Thomas J. Decker, Esquire
Decker & Magaw, Esqs.
507 Westfield Avenue
Westfield, N.J. 07090
*Attorney for Defendants Dr. Pomerentze and Nurse Wilcox*

John A. Talvacchia, Esquire
Stahl & Delaurentis, P.C.

1103 Laurel Oak Road
Suite 103
Voorhees, N.J. 08043
*Attorney for Defendant Our Lady of Lourdes Hospital*

Timothy M. Crammer, Esquire
Crammer, Bishop, Marczyk & O'Brien, P.C.
508 New Jersey Avenue
Suite B3
Absecon, N.J. 08201
*Attorney for Defendant Dr. Amit P. Nayar*

**HILLMAN, District Judge**

Plaintiff, Steven Mathis, Jr., brings this civil rights and negligence action against defendants Camden County, Eric Taylor, the warden of the Camden County Correctional Facility, Dr. Rashid Ahmad, Dr. Pomerentze, Our Lady of Lourdes Hospital, Nurse Wilcox, Dr. Kulliat, and Dr. Amit P. Nayar.[1]  Plaintiff alleges that defendants acted with deliberate indifference towards his serious medical condition and needs and did not exercise reasonable care in treating him.  Presently before the Court is Dr. Ahmad's motion to dismiss Plaintiff's claims against him.[2]

For the reasons expressed below, Dr. Ahmad's Motion to Dismiss is granted and Plaintiff's claims against him are

---

[1] Plaintiff also named as a defendant Holy Spirit Hospital. In its Opinion and Order dated December 3, 2009, however, the Court dismissed all of Plaintiff's claims against Holy Spirit.

[2] In the complaint, Dr. Ahmad's name is incorrectly spelled "Amed."

dismissed, without prejudice.[3]

**I.   JURISDICTION**

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as state law.  This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

**II.  BACKGROUND**

In 1997, Plaintiff, who at the time was incarcerated in a Pennsylvania state prison, underwent angioplasty at Holy Spirit Hospital in Camp Hill, Pennsylvania.[4]  As part of the procedure, a shunt was implanted in his subclavian vein.  Plaintiff was prescribed pain medication and blood thinners for six months to prevent blood clots.

---

[3] Currently, there are several motions to dismiss and a motion for summary judgment pending in this case.  However, in her Order dated January 28, 2011, the Magistrate Judge granted Plaintiff's request for the appointment of pro bono counsel.  Given that appointment, and the fact that the primary basis for dismissal articulated in the other motions to dismiss is the lack of an affidavit of merit, the Court will refrain from addressing those motions at this time with the expectation that Plaintiff's appointed counsel will enter an appearance, respond to defendants' motions, and file an amended complaint should there be any basis to do so.

[4] The recitation of the facts derives from Plaintiff's complaint and is adopted in substantial part from the Court's Opinion dated December 3, 2009.  Further, because this matter arises from a motion to dismiss, Plaintiff's facts are accepted as true and considered in a light most favorable to him.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

In February 1998, Plaintiff was released from prison. During the next year, however, he violated his parole and returned to custody. While serving the remainder of his sentence, Plaintiff began to experience pain and swelling in his right arm near the site where his surgery had been performed. Despite his pain, prison officials refused to provide Plaintiff any medical treatment or services. Plaintiff was released from prison in 2001.

Several years later, in 2007, Plaintiff was convicted of an offense in New Jersey and, eventually, was placed in an intensive supervision program. In or around October 2008, Plaintiff violated his program and was remanded to the custody of the Camden County Correctional Facility ("CCCF"). At this time, Plaintiff again experienced pain and swelling throughout his right arm, as well as chest pains and the debilitation of his right hand. Plaintiff requested medical attention from the CCCF's healthcare providers.

On or about October 12, 2008, a nurse refused to examine Plaintiff's arm, informing him that he would have to wait until a doctor could see him. Several days later, Plaintiff complained again to the nurse about the pain and swelling, which disrupted his sleep. Thereafter, Dr. Pomerentze examined Plaintiff's arm and sent him to Our Lady of Lourdes Hospital ("Lourdes").

At Lourdes, Dr. Ahmad informed Plaintiff that his shunt had

4

collapsed, causing blood clots in his subclavian vein.  Having failed to eliminate the clots using a catheter through the arm and groin, Dr. Ahmad told Plaintiff that only by removing one of his ribs could he be successfully treated.  Nevertheless, Dr. Amit P. Nayar and Dr. Kulliat refused to perform the operation because Camden County and CCCF officials, including Warden Taylor, would not assume the cost of Plaintiff's medical care and further deterred any treatment.  Dr. Ahmad reported to Plaintiff that, despite the doctor's preference to keep him in the hospital, Plaintiff had to return to the CCCF because Camden County officials demanded that he be discharged and refused to pay for his medical care.  On or around October 31, 2008, Plaintiff was discharged from Lourdes and returned to the CCCF.

During his incarceration, Plaintiff did not receive proper care from Dr. Pomerentze and the staff at the CCCF.  In spite of his complaints about the deliberate indifference towards his serious medical condition exhibited by Camden County officials, CCCF officials, and Taylor, nothing was done.

On December 12, 2008, Plaintiff, as a *pro se* litigant, submitted a complaint to this Court naming several defendants, including Camden County, Taylor, the CCCF, Dr. Ahmad, Dr. Pomerentze, Lourdes, and Nurse Wilcox.  The complaint alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as state claims for medical

malpractice and negligence.  Plaintiff avers that defendants, including Dr. Ahmad, acted with deliberate indifference towards his serious medical condition and needs by refusing to provide him with, and otherwise delaying and disrupting, his requisite medical care.

In September 2010, Dr. Ahmad moved to dismiss Plaintiff's claim against him for failure to state a claim upon which relief could be granted.  Dr. Ahmad provides a certificate of service to show that Plaintiff has been served with the motion.  Despite the pending motion, Mathis has not responded.

### III. DISCUSSION

#### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"

6

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting

Twombly, 550 U.S. at 556)).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**B.    42 U.S.C. § 1983**

According to Dr. Ahmad, Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted.  In particular, Dr. Ahmad argues that Plaintiff's complaint is entirely devoid of any facts to show that he acted with deliberate indifference towards Plaintiff's medical condition or needs.  On the contrary, Dr. Ahmad argues, Plaintiff's only averments pertaining to him illustrate his efforts to properly treat and assist Plaintiff within his realm of expertise, as opposed to any malicious or reckless endeavor to deny medical care.

> Section 1983 provides:
>> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must show that: (1) the conduct challenged was committed by a person acting under color of state law; and (2) that the conduct deprived him of his rights, privileges, or

8

immunities secured by the Constitution or laws of the United States.  See Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005).

Germane to the present matter, the Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state a claim for violation of this Eighth Amendment right, a prisoner must demonstrate that: (1) his medical needs are serious; and (2) the defendants showed deliberate indifference to those needs.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835-38 (1994); Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); Rouse, 182 F.3d at 197 (noting that deliberate indifference requires "recklessness or a conscious disregard of a serious risk").  "[M]ere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most the physician may have committed medical malpractice but not an

9

Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Without more, no facts set forth in Plaintiff's complaint state a viable cause of action against Dr. Ahmad.  According to the complaint, Dr. Ahmad treated Plaintiff, and when he could not alleviate or cure Plaintiff's blood clots, he informed Plaintiff that additional treatment would be necessary.  Thereafter, Plaintiff avers that Dr. Nayar and Dr. Kulliat refused to perform the necessary operation.  Plaintiff does not accuse Dr. Ahmad of any denial of medical care.

Moreover, Plaintiff states that Dr. Ahmad wanted to keep him in the hospital but had to release him because Camden County officials demanded his return to jail and refused to assume the cost of his treatment.  Standing alone, this averment does not give rise to an Eighth Amendment cause of action.  On what basis that ostensible fact engenders a constitutional violation entailing deliberate indifference is unclear on the face of the complaint.

Notwithstanding the complaint's deficiencies, Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment -- irrespective of whether it is requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247,

251 (3d Cir. 2007). Because Plaintiff has recently been appointed pro bono counsel, the Court will permit him to amend his complaint with respect to Dr. Ahmad, if he or his attorney so chooses.[5] Of course, for his cause of action to proceed, Plaintiff must satisfy federal pleading standards.

Therefore, for the reasons stated above, Dr. Ahmad's Motion to Dismiss is granted and Plaintiff's claim against him is dismissed, without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Dr. Ahmad's Motion to Dismiss is granted and Plaintiff's claim against him is dismissed, without prejudice. An Order consistent with this Opinion will be entered.

Dated: April 26, 2011          /s/ NOEL L. HILLMAN
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[5] Dr. Ahmad, himself, asks only that Plaintiff's claim be dismissed without prejudice.

11