UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN MATHIS, JR.,           :   Civ. Action No. 08-6129(NLH)
                              :
        Plaintiff,            :
                              :
     v.                       :   **OPINION**
                              :
DR. POMERENTZE, et al.,       :
                              :
        Defendants.           :

**APPEARANCES:**

Stanley O. King, Esq.
King & King, LLC
231 Broad Street
Woodbury, NJ 08096

   *Attorney for Plaintiff*

Thomas J. Decker, Esq.
Decker & Magaw
507 Westfield Avenue
Westfield, NJ 07090

   *Attorney for Defendant Dr. Pomerantz*

**HILLMAN**, District Judge

   This matter has come before the Court on the motion of

Defendant, Dr. Pomerantz,[1] for summary judgment on Plaintiff's

---

[1] Plaintiff misspelled Defendant's last name in his complaint.

1

medical malpractice claims against him.[2] For the reasons expressed below, Defendant's motion will be granted.

### A. Background

On or around October 3, 2008, while Plaintiff, Steven Mathis, Jr. ("Plaintiff"), was a prisoner at the Camden County Correctional Facility ("CCCF"), Plaintiff claims that he notified CCCF staff of chest pains and the loss of the use of his right hand. In response to his complaints, Plaintiff was scheduled for an appointment to see the facility's medical staff and was subsequently attended to by Defendant, Dr. Pomerantz ("Defendant"), on October 17, 2008. After examining Plaintiff, Defendant sent Plaintiff to Our Lady of Lourdes Hospital where he was diagnosed with a blood clot in his upper right arm and was prescribed a blood thinning medication. Plaintiff was eventually returned to CCCF.

According to the Plaintiff's complaint, although he had been told by a medical professional that he would be on blood thinners for the rest of his life, Defendant stopped Plaintiff's

---

[2] Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as pursuant to New Jersey state law. This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. The present motion is one for partial summary judgment in that it seeks summary judgment only on Plaintiff's state law claim of malpractice. Plaintiff's federal claim against Dr. Pomerantz remains.

blood thinning medication on November 20, 2008. On December 5, 2008, Defendant diagnosed Plaintiff with additional blood clots in his lower right arm.

Plaintiff filed the instant action pro se[3], claiming that Defendant committed medical negligence as well as was deliberately indifferent to his medical needs.[4] Defendant has moved for summary judgment[5] on Plaintiff's medical malpractice

---

[3] When Plaintiff first filed his complaint, he sought the appointment of pro bono counsel, but it was denied. He was subsequently appointed counsel in September 2011.

[4] Plaintiff also filed medical malpractice claims against: Dr. Amed, Jane Doe (Phlebotomist), Dr. Kulliat, Dr. Amit Nayar and Holy Spirit Hospital. These claims have been dismissed. Plaintiff has also asserted federal constitutional and statutory claims against Camden County, Warden Eric Taylor, Nurse Wilcox and Defendant Pomerantz asserting they were deliberately indifferent to his serious medical need. These claims remain pending.

[5] Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be

3

claim for failure to provide an Affidavit of Merit.  Plaintiff has opposed Defendant's motion.

**B. Legal Standard and Discussion**

An Affidavit of Merit is a legislative tool crafted for use by the courts to halt unmeritorious and frivolous professional malpractice lawsuits at an early stage of litigation.  Buck v. Henry, 25 A.3d 240, 242 (N.J. 2011); Cornblatt v. Barow, 708 A.2d 401, 413 (N.J. 1998).  The text of the Affidavit of Merit statute provides,

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional

---

believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).  Here there is no factual dispute Plaintiff failed to obtain an affidavit of merit.  In that sense, the issue before the Court is whether that failure entitles Defendant to summary judgment on the medical malpractice claims as a matter of law.  To the extent that the application of any exceptions to the requirement of an Affidavit of Merit turn on a disputed issue of fact, the Court resolves those facts in favor of Plaintiff, the non-moving party.

>  or occupational standards or treatment
>  practices. The court may grant no more than one
>  additional period, not to exceed 60 days, to
>  file the affidavit pursuant to this section,
>  upon a finding of good cause.

N.J.S.A. 2A:53A.

Because the Affidavit of Merit is a substantive, rather than a procedural, requirement of a professional malpractice suit, failing to submit an Affidavit of Merit after the proscribed 60, or after an extension for good cause 120, days will usually result in a dismissal with prejudice. Ferreira v. Rancocas Orthopedic Assoc's, 836 A.2d 779, 785 (N.J. 2003); Cornblatt, 708 A.2d at 415 (N.J. 1998).

In this case, Defendant filed his Answer on August 17, 2010. Thus, even assuming the one-time statutory extension had been sought and obtained, Plaintiff was required to submit his Affidavit of Merit no later than December 15, 2010. To date, Plaintiff has never filed an Affidavit of Merit. Recognizing that he has not provided an Affidavit of Merit, Plaintiff argues that one of the equitable exceptions to the requirement saves his claims from dismissal. There are three exceptions to the Affidavit requirement: common knowledge, substantial compliance and extraordinary circumstances. Plaintiff argues that he does

5

not need to provide an Affidavit of Merit under the common knowledge exception.

Plaintiff argues that he does not need to provide an Affidavit of Merit because the negligence of Defendant falls within the realm of common knowledge, thereby making the requirement of an expert's affidavit superfluous.  Plaintiff argues that a lay juror could use common knowledge to find that Defendant's failure to keep Plaintiff on a blood thinner medication was negligent.[6]  Plaintiff's argument is unavailing.

The common knowledge doctrine applies when jurors can use their common knowledge as laypersons to determine the negligence of the defendant without the benefit of specialized testimony from an expert witness.  <u>Hubbard v. Reed</u>, 774 A.2d 495, 501 (N.J. 2001).  The doctrine is properly invoked when the negligence of the professional is "readily apparent to anyone of

---

[6] Defendant vigorously disputes the facts of the treatment timing and regime.  For example, Defendant has supplied evidence that he merely prescribed a different blood thinner (substituting Coumadin for Lovenox).  While the evidentiary support for Plaintiff's contention that the medication was discontinued altogether is lacking or at best unclear, we assume for present purposes that Plaintiff can prove his version of the facts.  While this makes the issue a closer call, it does not change the result.  Under these facts, whether to prescribe medication, and if so which medication, is a judgment beyond the ken of the layman.

6

average intelligence and ordinary experience." Est. of Chin v. St. Barnabas Med. Ctr., 734 A.2d 778, 785-86 (N.J. 1999).

For example, in Hubbard, the court used the common knowledge doctrine where the doctor extracted the wrong tooth from his patient. In Chin, the court used the doctrine where a gas, rather than fluid, was erroneously pumped into the patient's uterus.

The common knowledge doctrine does not apply to the facts of the present case. Unlike in Hubbard and Chin, it is not readily apparent, even assuming Plaintiff's version of the facts, that defendant was negligent in this case. Absent evidence concerning the cause of Plaintiff's clots, the threat they represented, the remedies available to treat them, the propriety of blood thinners as opposed to some other forms of treatment given their efficacy and side effects, and the wisdom of first prescribing and then removing them, it is impossible for a lay juror to second guess Defendant's actions. To make those kinds of judgments would require more than common knowledge. Rather, regardless of what Plaintiff may have been told in the past, Defendant's actions here must be examined by a medical expert to determine whether he departed from the standard of care in his subsequent treatment of the Plaintiff.

The present case is distinguishable from Hubbard and Chin by the inferential leap required to conclude Defendant was negligent. Here, jurors cannot observe merely Defendant's actions and conclude, without more, that he was negligent in taking Plaintiff off his blood thinning medication.  See Lazerson v. Balthaser, A-5713-07T1, 2009 WL 1617853 (N.J. Super. App. Div. 2009).

Because the alleged negligence requires an expert's testimony and does not fall within a juror's common knowledge, this doctrine does not save Plaintiff's failure to provide an Affidavit of Merit.[7]

---

[7] In light of Plaintiff's former status as a pro se plaintiff, the Court has also considered whether the other two exceptions to the Affidavit of Merit requirement might save Plaintiff's negligence claim, and concludes that they do not.  In order to qualify for the substantial compliance exception, a plaintiff must show: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of plaintiff's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute.  Galik v. Clara Maass Med. Ctr., 771 A.2d 1141, 1150 (N.J. 2001).  Plaintiff in this case does not meet the substantial compliance test.  In the first four years since his alleged injury, Plaintiff has made no attempt, much less a substantial one, to secure an Affidavit of Merit even after becoming aware of the requirement during the litigation of his motion for the appointment of pro bono counsel and the subsequent appointment of that counsel.  The third equitable exception to the Affidavit of Merit statute is whether "extraordinary circumstances" prevented plaintiff's compliance with the Affidavit of Merit statute.  See, e.g., Paragon

8

**C. Conclusion**

    Because Plaintiff's failure to provide an Affidavit of Merit cannot be saved by the common knowledge, or any other, exception, Defendant's motion for summary judgment on Plaintiff's medical malpractice claim against him must be granted.  An appropriate Order will be entered.


Date:December 11, 2012                  s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

Contractors, Inc. v. Peachtree Condo. Ass'n, 997 A.2d 982, 985-86 (N.J. 2010).  Courts have not articulated a bright line test for the extraordinary circumstances exception, but instead have conducted a fact-sensitive case-by-case analysis which focuses on the significance of the plaintiff's impediment to filing the Affidavit of Merit.  See, e.g., Tischler v. Watts, 827 A.2d 1036, 1038 (N.J. 2003) (dismissing without prejudice where plaintiff's expert wrote deficient affidavit and plaintiff's original attorney failed to discover it in time due to diagnosis of terminal cancer and death).  Plaintiff in this case has not shown that any extraordinary circumstances prevented him from submitting an Affidavit of Merit.

9